UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TYRELL PASS,

                Plaintiff,

     v.

NEW YORK STATE; RICHMOND COUNTY POLICE DEPT.; TATIANA RANDOLPH; MARLENE VELASQUEZ, The Legal Aid Society; and MICHAEL E. McMAHON, Esq., District Attorney, Richmond County,

                Defendants.

**MEMORANDUM AND ORDER**
22-cv-03865 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Tyrell Pass, who is incarcerated at Marcy Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983 ("Section 1983") on June 30, 2022. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted pursuant to 28 U.S.C. § 1915, but, for the reasons discussed below, this action is hereby dismissed *sua sponte*.

## BACKGROUND

On June 30, 2022, Plaintiff filed a Civil Rights Complaint Form for actions brought pursuant to Section 1983. *See* ECF No. 1 (Complaint). Plaintiff asserts that Defendants committed "defamation of character[], slander" against him at 12:43 pm on September 25, 2020. *Id*. at 4. He further alleges that the Defendants "falsely accus[ed] the plaintiff of crimes or elements and acts of felonious behavior" and bore "false witness" against him. *Id.* Plaintiff does not identify the allegedly defamatory or slanderous statements or the context in which he was accused. He names the State of New York, the "Richmond County Police Department," the Richmond County District Attorney, a Legal Aid attorney, and another individual, Tatiana Randolph, as Defendants, but he does not identify any particular acts by any specific Defendant.

He claims that he suffered "psychological and emotional" injuries, "stress, and pain and suffering." *Id.* He requests unspecified "compensatory and punitive damages for the deprivation of [his] right to be free from verbal assault." *Id.* at 5.

## STANDARD OF REVIEW

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which an incarcerated individual seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Federal courts give special consideration to *pro se* plaintiffs. *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). "[The] court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), and look for the strongest arguments that the complaint suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If this liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Nevertheless, a *pro se* plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010). This tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S at 678.

A federal court can only consider civil cases if the court has subject matter jurisdiction over the claims. Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). "If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff's Complaint claims that Defendants committed "defamation" and "slander" at a specific time on September 25, 2020, but does not identify the context for these claims nor describe any defamatory or slanderous actions committed by any of the named defendants. Because Plaintiff names a prosecutor and a Legal Aid attorney as Defendants and provides a recent Department ID Number for the New York State Department of Corrections and Community Supervision, the Court can only speculate that his claim of "false witness" relates to a criminal proceeding in New York State court.

Slander and defamation actions arise under state law and are not viable claims under Section 1983 where the only alleged harm is to the plaintiff's reputation. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) ("[A]ny harm or injury to [a reputational] interest, even where . . . inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law."); *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) ("Defamation . . . is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action."). "[U]nder limited circumstances, federal constitutional relief is available for defamation committed by government officials . . . when that plaintiff can demonstrate a stigmatizing statement plus a deprivation of a tangible interest." *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) (quotation marks and citations omitted); *see also Vitek v. Jones,* 445 U.S. 480, 493 (1980) (concluding that labeling an inmate mentally ill, and transferring him to a mental hospital without due process, wrongly stigmatized him). A defamation claim under Section 1983 thus requires a plaintiff to "show (1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Vega*, 596 F.3d at 81 (quoting *Sadallah,* 383 F.3d at 38) (quotation marks and citations omitted).

However, even under this "stigma plus" standard, not all defamation or slander claims are cognizable under Section 1983. Most relevant to this action, the Supreme Court ruled in *Heck v. Humphrey* that causes of action for defamation or slander are prohibited under Section 1983 if they would undermine a criminal conviction or sentence. 512 U.S. 477, 487 (1994); *see also O'Neal v. Spota*, No. 16-cv-579, 2017 WL 118044, at *4 (E.D.N.Y. Jan. 12, 2017) (collecting cases). The Court's holding in *Heck* precludes claims for money damages related to an allegedly

4

unlawful investigation, arrest, trial, and conviction, because any award in a plaintiff's favor would "necessarily imply" the invalidity of the conviction.  512 U.S. at 487.

Plaintiff does not identify the nature nor context of his defamation and slander claims. To the extent that he alleges that he suffered merely reputational harm, he has failed to assert any federal question. *Sadallah,* 383 F.3d at 38.  To the extent that he seeks to challenge statements that were made about him in the context of a criminal proceeding that led to his conviction, those claims are barred by *Heck*.  Accordingly, all of Plaintiff's claims are dismissed.

Because Plaintiff is proceeding *pro se*, the Court has considered giving him an opportunity to further amend his pleading but finds that amendment would be futile.  *See Avraham v. Lakeshore Yacht & Country Club, Inc.*, No. 15-cv-1297, 2016 WL 6585589, at *17 (N.D.N.Y. Nov. 7, 2016) ("[A[lthough district courts in this Circuit are generally reluctant to dismiss a pro se plaintiff's action without permitting leave to replead, the Second Circuit has explained that it is nevertheless appropriate to do so in cases where it appears that granting leave to amend is unlikely to be productive.") (quoting *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)) (internal quotation marks omitted).  This is because even if Plaintiff could identify any constitutional claim that is not barred by *Heck*, none of the named defendants are amenable to suit under Section 1983.

Section 1983 requires that a plaintiff show that the alleged harm was "committed by a person acting under color of state law," and that the action "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  Section 1983 does not usually apply to claims against private individuals or private organizations.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely

private conduct, no matter how discriminatory or wrongful") (quotation marks and citations omitted). Thus, Section 1983 would not apply to claims against the Legal Aid attorney or any private individual, including witnesses who testify in court. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."); *Briscoe v. LaHue*, 460 U.S. 325 (1983) (holding that witnesses who testify in judicial proceedings are protected by absolute immunity for their testimony, irrespective of the truthfulness of that testimony); *see also Storck v. Suffolk Cty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 945 (E.D.N.Y. 1999) ("[Witness] immunity extends to all persons, whether governmental, expert, or lay witnesses, integral to the trial process.")

Plaintiff's potential claims against the Richmond County District Attorney would also be dismissed, because "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York,* 424 F.3d 231, 236 (2d Cir. 2005) (internal quotations omitted).

Plaintiff also names the "Richmond County Police Department" as a defendant.[1] Even if he identified any alleged constitutional violations, municipal entities cannot be held liable under Section 1983 unless the plaintiff demonstrates that the constitutional violation complained of was caused by a municipal policy or custom. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690–91 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury.") (quotation marks and citations omitted). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). Accordingly, any potential claims against the City of New York would be dismissed.

Finally, Plaintiff names the State of New York as a defendant. The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. *See Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In order to bring a claim against New York State, Plaintiff would need

---

[1] Richmond County is coterminous with the Borough of Staten Island and a part of New York City. Plaintiff may have intended to name the New York City Police Department. The New York City Charter provides that suits against New York City agencies "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter ch. 17, § 396; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency of the City."); *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) ("Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.")

7

to identify a waiver of sovereign immunity, which he has not. Accordingly, any potential claims against the State of New York would be dismissed.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for purposes of this Order. For the foregoing reasons, all of Plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                */s/ Hector Gonzalez*
                                                HECTOR GONZALEZ
                                                United States District Judge

Dated: Brooklyn, New York
         August 18, 2022